```
RF:AA
F. #2004R01030
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

RONALD WASHINGTON,
    also known as "Tenad,"
    "Chris Gibbs" and
    "Mark White,"

        Defendant.

- - - - - - - - - - - - - - - - - - -X

05-CR-558 (NG)

OPPOSITION TO THE DEFENDANT'S MOTION FOR SUPPRESSION OF EVIDENCE

INTRODUCTION

The defendant moves to suppress two pre-trial identifications on grounds that they were unduly suggestive, and he requests a hearing to determine whether the "taint" from these identifications precludes in-court identifications as well.  As set forth below, the defendant has failed to present any factual basis for his motion and the identifications, in any event, were proper.  The motion must therefore be denied.

BACKGROUND

The defendant is charged in a five count indictment with a shooting, and a string of robberies, occurring in late 2002.  As the government reported in its letter dated August 22, 2006, the defendant was on a robbery spree in the Fall of 2002 and, upon being sought by police for questioning in connection with a murder that took place on October 30, 2002, he left the home in which he was staying in Queens and moved to a series of motels on Long Island.  The defendant then bounced back-and-forth between Queens and Long Island committing several robberies in each location, including those charged in the Indictment.  This pattern culminated in the defendant's arrest by local police following his robbery of the Floral Park Motel in December 2002.

The government furnished the defendant with various items of discovery, including two photographic arrays, by letter

2

dated August 2, 2006.  As the government disclosed, the defendant was identified from the first array, on November 20, 2002, by the victim of the shooting charged in Count I.  The defendant was identified from the second array, on November 27, 2002, by a victim of the robbery charged in Count III (i.e., the robbery of Elayne's Beauty Salon on November 22, 2002).[1]  The names of identifying witnesses were redacted to ensure their safety.

In his present motion, the defendant argues that an evidentiary hearing is required to determine whether the array identifications were unduly suggestive, and, if so, whether in-court identifications should be precluded as well.  As set forth below, this motion should be denied without a hearing because the defendant makes these allegations without specific factual basis and because nothing about the procedures used to elicit the pre-trial identifications was impermissibly suggestive.

## DISCUSSION

A prior identification is admissible under Federal Rule of Evidence 801(d)(1)(C), regardless of whether the witness confirms the identification in court.  See United States v. Simmons, 923 F.2d 934, 950 (2d Cir. 1991); United States v. Lewis, 565 F.2d 1248, 1251-52 (2d Cir. 1977).  The Supreme Court has held that a photographic identification will not be set aside unless

---

[1] Separate copies of the identical array were used for each identification, with the defendant Washington depicted in photograph number four.  The arrays are attached hereto.

3

the "procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification." Simmons v. United States, 390 U.S. 377, 384 (1986); see also United States v. Wong, 40 F.3d 1347, 1359 (2d Cir. 1994); United States v. Jakobetz, 955 F.2d 786, 803 (2d Cir. 1992) (holding that identification should not be suppressed unless the display was "'so impermissibly suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law'") (quoting Stovall v. Denno, 388 U.S. 293, 303 (1967)).

In assessing the admissibility of a prior identification, the court first should determine whether the pre-trial identification procedures were unnecessarily suggestive. See United States v. Maldonado-Rivera, 922 F.2d 934, 973 (2d Cir. 1990). If they were not, the challenge should be denied and the reliability of the identification is a question only for the jury. If the procedures were unnecessarily suggestive, however, the court should determine whether the identification is nonetheless "independently reliable" and therefore admissible. Id. Although these issues are often resolved at a pre-trial hearing, there is no per se rule compelling a hearing in every case. See Watkins v. Sowders, 449 U.S. 341, 349 (1981). Rather, "the information needed for assessment of reliability can ordinarily be elicited through 'the time-honored process of cross-examination.'"

4

Dunnigan v. Keane, 137 F.3d 117, 128-29 (2d Cir. 1998) (quoting Watkins, 449 U.S. at 347-49). At all events, the defendant bears the "burden of showing that disputed issues of material fact exist before an evidentiary hearing is required." United States v. Castellano, 610 F. Supp. 1359, 1439 (S.D.N.Y. 1985); cf. United States v. Caruso, 684 F. Supp. 84, 87 (S.D.N.Y. 1988) (suppression hearing not required unless defendant's "moving papers raised a factual dispute").

Here, the defendant has failed to make any specific allegation of impropriety in the conduct of the array. Although the defendant cannot be expected to know the precise manner of presentation, the defendant has not alleged any basis for suggestiveness whatsoever (either in the number of photographs or any attributes in the pictures themselves). Accordingly, the motion should be denied without a pre-trial hearing. See United States v. Leonardi, 623 F.2d 746, 755 (2d Cir. 1980); see also Castellano, 610 F. Supp. at 1439 ("No evidentiary hearing need be held where a defendant's allegations are general and conclusory or based on suspicion and conjecture."); United States v. Richardson, 837 F. Supp. 570, 573 (S.D.N.Y. 1993) (denying request for hearing where defendant failed to allege specific facts of suggestiveness and only alleged that array procedure was inherently suggestive).

Even if the defendant had attempted to make the requisite factual showing, he could not have sustained his burden

since the identifications of the defendant were not impermissibly suggestive.  An examination of the photographic array used in these identifications makes clear that there was nothing unduly or impermissibly suggestive about it.  The array contains six photographs of African-American males similar in appearance and of roughly the same age.  Each of the photographs in the array bears a number and there were no other suggestive markings on the array before it was shown to the victim.  While there are of course physical differences between the individuals in the photographs, arrays "will not be suggestive as long as the other pictures . . . sufficiently resembled the defendant 'to allay any concern that the witnesses might have been unfairly influenced in their selection of him by any of the noted physical differences between him and the others.'"  United States v. Padilla, 1994 WL 681812, at *6 (S.D.N.Y. Dec. 5, 1994).

Additionally, there was nothing unduly suggestive about the procedure by which the victims made the identifications.  The array was prepared before anyone from law enforcement had spoken to either victim.  On November 20, 2002, an investigating officer showed the Photo Array to the victim of the shooting charged in Count I, and asked simply whether he/she recognized any of the pictured individuals.  The victim identified the defendant as the assailant.  Likewise, on November 27, 2002, the same officer showed the Photo Array to a victim of the robbery charged in Count

6

III, and asked simply whether he/she recognized any of the pictured individuals. The victim selected the defendant. Each victim also circled the selected photograph and signed the array, with the officer dating and initialing each form. The officer did not confirm for the victims that they had made correct identifications.

Thus, it is clear that there was nothing unduly or impermissibly suggestive about either victim's identification of the defendant. There was nothing about the array itself or the manner in which the members of law enforcement presented it that would render the identifications impermissibly suggestive. The officers simply provided the victim with the Photo Array and did not make any comments or mannerisms to indicate an opinion about the victim's choice. See United States v. Thai, 29 F. 3d 785, 809 (2d Cir. 1994) (upholding trial court's determination that procedures were not impermissibly suggestive where the officer did not suggest which picture the witness should identify or otherwise try to influence her choice). Accordingly, the pre-trial identifications are admissible as evidence and the defendant's suppression motion and motion for a pretrial hearing should be denied.

If, however, the Court determines that a hearing pursuant to United States v. Wade, 388 U.S. 218 (1967), is required to determine whether either of the prior identifications

in this case were unduly or impermissibly suggestive, law enforcement witnesses will testify regarding the administration of each of the identifications.  Should the Court conclude, following such a hearing, that the identification procedures were unduly or impermissibly suggestive in any way, the government would respectfully request that the victim be examined immediately prior to trial to determine whether he has a sufficient independent basis from which to have made the prior identifications.  See Dunnigan v. Keane, 137 F.3d 117, 128 (2d Cir. 1998) ("If the pretrial procedures were impermissibly suggestive, due process requires that the identification testimony be excluded unless a threshold level of reliability can be established, through evidence that is independent of the suggestive procedure").

CONCLUSION

For the foregoing reasons, the government respectfully requests that the defendant's Motion to Suppress be denied.

Dated:     Brooklyn, New York
           September 15, 2006

                              Respectfully submitted,

                              ROSLYNN R. MAUSKOPF,
                              United States Attorney,
                              Eastern District of New York.

                         By:  _____
                              Adam M. Abensohn
                              Assistant U.S. Attorney

8