```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA
                                                                    OPINION AND ORDER
               -v-                                                  05-CR-558 (NG)

RONALD WASHINGTON, also known as
"Tenad," "Chris Gibbs" and "Mark White,"

               Defendant.
-----------------------------------------------------------x
GERSHON, United States District Judge:
```

Defendant Ronald Washington, who is charged in a five-count indictment for various crimes arising from an alleged string of robberies, moves to dismiss the indictment on the ground of prejudicial delay between the time of the alleged events and the time of the return of the indictment.

The offenses charged in the instant indictment are claimed to have occurred between August 9, 2002 and December 6, 2002. Count One charges that, on or about August 9, 2002, defendant possessed ammunition while being a felon, in violation of 18 U.S.C. § 922(g)(1). Counts Two through Five charge defendant with obstructing, delaying, or affecting commerce, and moving articles and commodities in commerce, by robbery (Hobbs Act robberies), in violation of 18 U.S.C. § 1951(a). Specifically, Count Two charges that, on or about October 22, 2002, defendant robbed a liquor store in Queens, New York. Count Three charges that, on or about November 22, 2002, defendant robbed a beauty salon in Queens, New York. Count Four charges that, on or about November 24, 2002, defendant robbed a fast-food establishment, Burger King, in Queens, New York. Finally, Count Five charges that, on or about December 6, 2002, defendant robbed a supermarket in Queens, New York. The defendant was indicted on July 21, 2005.

On September 15, 2006, defendant moved to dismiss the indictment for pre-indictment delay, arguing that his Fifth Amendment right to a fair trial has been substantially prejudiced and violated,

and that the government has gained a tactical advantage, because he was indicted approximately three years after he allegedly committed the charged crimes. Specifically, defendant argues that the delay may affect the availability of witnesses and records that otherwise may have been available had a timely indictment been returned. Defendant also requests that he be allowed to amend the instant motion to make a further showing of prejudice after he has had an opportunity to review the discovery provided by the government.

The statute of limitations is the primary guarantee against bringing overly stale criminal charges. *United States v. Cornielle*, 171 F.3d 748, 751 (2d Cir. 1999). Timely brought criminal prosecutions have a strong presumption of validity and are only rarely dismissed. *Id*. at 751-52. An indictment brought within the statute of limitations may nevertheless violate due process where pre-indictment delay has been shown to cause substantial prejudice to the defendant's ability to present his defense and the delay was an intentional device to gain a tactical advantage over the defendant. *Id*. at 752 (citing *United States v. Marion*, 404 U.S. 307, 324 (1971)). "A defendant bears the 'heavy burden' of proving both that he suffered *actual prejudice* because of the alleged pre-indictment delay *and* that such delay was a course intentionally pursued by the government for an improper purpose." *Id*. (emphasis added). Prejudice in this context means some sort of deprivation that actually impairs a defendant's right to a fair trial, e.g, the loss of documentary evidence or the unavailability of a key witness. *Id*.; *Marion*, 404 U.S. at 325-26 (stating "[defendants] rely solely on the real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost. In light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indictment. Events

2

of the trial may demonstrate actual prejudice, but at the present time [defendants'] due process claims are speculative and premature").

Defendant has not met his burden of showing actual prejudice or that the government's pre-indictment delay was improper, i.e., done intentionally to gain a tactical advantage; defendant merely speculates that unspecified witnesses or records may no longer be available. Nor does defendant describe what sort of testimony or evidence the unspecified witnesses or records may provide. Moreover, defendant offers no evidence to show that the government intended to gain a tactical advantage by the delayed indictment. Recognizing that he has fallen short of meeting his burden, defendant requests that he be allowed to supplement his motion for prejudicial pre-indictment delay once he has had an opportunity to review the documentary evidence provided by the government. Defendant may, of course, renew his motion if support for it emerges at a later time. Defendant's instant motion is denied.

                                                  **SO ORDERED.**

                                        _____/s/_____
                                        **NINA GERSHON**
                                        **United States District Judge**

Dated: October 27, 2006
       Brooklyn, New York