UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,                               REPORT AND
                                                        RECOMMENDATION
       -against-
                                                        05 CR 558 (NG)(RML)
RONALD WASHINGTON
--------------------------------------------------------X

LEVY, United States Magistrate Judge:

  By order dated August 4, 2006, the Honorable Nina Gershon, United States District Judge, referred defendant's suppression motion to me for a report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied.

## PROCEDURAL HISTORY

  The United States has charged defendant Ronald Washington ("defendant" or "Washington") with five criminal counts arising from a shooting and four robberies in Queens, New York in 2002. Defendant moves to suppress two pre-trial identifications, arguing that the photo array shown to the witnesses was unduly suggestive. According to the government, Washington was identified from the first array, on November 20, 2002, by the victim of the shooting charged in Count 1. (See Opposition to the Def.'s Motion for Suppression of Evidence, dated Sept. 15, 2006, at 3.) He was identified from the second array, on November 27, 2002, by a victim of the robbery charged in Count III. (Id.) Separate copies of the identical array were used for the identifications, with Washington depicted in photograph number four. (Id. at 3, n.1.) The government has submitted the array for the court's review; it contains six photographs of African-American males, all with facial hair. (See Letter of AUSA Adam Abensohn, dated Oct. 13, 2006 ("Abensohn Ltr."), Exs. 1, 2.)

  In his initial motion papers, the defendant argued conclusorily that the photo

arrays were unduly suggestive, and that a hearing was necessary. (See generally Affirmation of Richard J. Shanley, Esq., filed Aug. 22, 2006.) Following a conference with the court on September 18, 2006, the parties submitted additional letter briefs on the question of whether a hearing is necessary.

**DISCUSSION**

A defendant's right to due process includes the right not to be the subject of suggestive police identification procedures. Simmons v. United States, 390 U.S. 377, 384 (1968); Neil v. Biggers, 409 U.S. 188, 198 (1972). A prior out-of-court identification violates due process if it is "'so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law.'" United States v. DiTommaso, 817 F.2d 201, 213 (2d Cir. 1987) (quoting Stovall v. Denno, 388 U.S. 293, 302 (1967)) (alteration in original). See also United States v. Salameh, 152 F.3d 88, 125 (2d Cir. 1998) (per curiam); United States v. Simmons, 923 F.2d 934, 950 (2d Cir. 1991). To determine the due process threshold, the Second Circuit prescribes a two-step inquiry. First, the court must determine "whether the pretrial identification procedures unduly and unnecessarily suggested that the defendant was the perpetrator." Raheem v. Kelly, 257 F.3d 122, 133 (2d Cir. 2001). To decide whether a photographic array is unduly suggestive, a court must consider several factors, including the size of the array, the manner of presentation by the officers, and the contents of the array. See United States v. Thai, 29 F.3d 785, 808 (2d Cir. 1994). If these factors are satisfied, the "principal question is whether the picture of the accused . . . so stood out from all of the other photographs as to 'suggest to an identifying witness that [that person] was more likely to be the culprit.'" United States v. Concepcion, 983 F.2d 369, 377 (2d Cir. 1992) (quoting United States

v. Archibald, 734 F.2d 938, 940 (2d Cir. 1984)). It is not required, however, that all of the photographs in the array be uniform with respect to a given characteristic. Jarrett v. Headly, 802 F.2d 34, 40-41 (2d Cir. 1986) (citations omitted). "Even if there are some physical differences, a photo-array . . . will not be suggestive as long as the other pictures . . . sufficiently resembled the defendant 'to allay any concern that the witnesses might have been unfairly influenced in their selection of him by any of the noted physical differences between him and the others.'" United States v. Padilla, No. S1 94 Cr. 313 (CSH), 1994 WL 681812, at *6 (S.D.N.Y. Dec. 5, 1994) (citation omitted). If the court finds that the procedures were not unnecessarily suggestive, "the identification evidence presents no due process obstacle to admissibility." Id.

However, if the court finds that the procedures were indeed suggestive, "it must then determine whether the identification was nonetheless independently reliable." Raheem, 257 F.3d at 133. See also United States v. Maldonado- Rivera, 922 F.2d 934, 973 (2d Cir. 1990). In other words, a pre-trial identification will be excluded only if it was *both* produced through an unnecessarily suggestive procedure *and* unreliable. United States v. Bautista, 23 F.3d 726, 729-30 (2d Cir.1994).

In the case at bar, the photographic array consisted of six photographs. The Second Circuit has held that six photographs is an acceptable number for a photographic identification array. See, e.g., United States v. Bennett, 409 F.2d 888, 898 (2d Cir. 1969). Thus, the defendant has concentrated his challenge on the "contents of the array" and the "manner of presentation," arguing that the photographic array was unduly suggestive because the defendant "was clearly much older than the other five individuals" and was "the only individual with a white streak through his hair" and because the officers of the 103rd Precinct had "an extremely

hostile attitude" toward him. (Additional Affirmation of Richard J. Shanley, Esq., filed Oct. 4, 2006, at 2.)

This court reviewed the photographs to determine if one of the photographs "stands out" as alleged by the defendant, and did not find that to be the case. The six men in the photo array are of similar age, complexion, hair color, and eye color. The defendant does not appear to be older than the other individuals, and the "white streak" to which he refers is barely visible. In short, there is nothing unduly suggestive on the face of the photo array.[1]

As for the defendant's contention that the officers of the 103rd Precinct were hostile toward him, it bears noting that the defendant's affidavit makes no allegations concerning the identification procedures at issue here or the particular detective who conducted the arrays, Detective Michael Culver. (See Affidavit of Ronald Washington, sworn to Oct. 4, 2006.) Indeed, the defendant has not proffered any information indicating that there were irregularities in the presentation of the arrays.

As the Second Circuit has noted, "the Supreme Court has made it clear that there is no 'per se rule compelling . . . a [hearing] in every case'" where the defendant challenges a

---

[1] The defendant complains that the copies of the photo array produced by the government are unclear – the copy of the November 20, 2002 array is purportedly too dark, and the copy of the November 27, 2002 array allegedly contains a "white line which lessens the view of photos 4 to 6." (Additional Affirmation of Richard J. Shanley, Esq., filed Oct. 4, 2006, at 2.) The defendant asks the court to examine "the actual photographic lineup, which was shown to the witnesses." (Id.) I agree that the photocopy from the November 20, 2002 photographic line-up is too dark for proper evaluation, and that the first disclosed photocopy of the November 27, 2002 array contained a white blur that obscured some of the photographs. (See Opposition to the def.'s Motion for Suppression of Evidence, dated Sept. 15, 2006, Exs. 1, 2; Abensohn Ltr., Ex. 2.) A more recently produced black-and-white photocopy of the November 27, 2002 array was better (see Abensohn Ltr., Ex. 1.), but the court nonetheless ordered the government to produce the original color photo array for inspection. The original array was submitted for *in camera* inspection on November 3, 2006.

-4-

pre-trial identification. Dunnigan v. Keane, 137 F.3d 117, 128-29 (2d Cir. 1998) (quoting Watkins v. Sowders, 449 U.S. 341, 347-49 (1981)) (alteration in original). Where, as here, the defendant has failed to make a threshold showing of impropriety in the conduct of an array, a pre-trial hearing into the identification procedures is not warranted. United States v. Leonardi, 623 F.2d 746, 755 (2d Cir. 1980); United States v. Ruggiero, 824 F. Supp. 379, 395 (S.D.N.Y. 1993), aff'd sub nom., United States v. Aulicino, 44 F.3d 1102 (2d Cir. 1995). See also United States v. Castellano, 610 F. Supp. 1359, 1439 (S.D.N.Y. 1985) ("A defendant who seeks to suppress evidence bears the burden of showing that disputed issues of material fact exist before an evidentiary hearing is required.").

In sum, the defendant has not produced any evidence to show that the identifications violated his due process rights. I therefore respectfully recommend that his motion to suppress be denied without a hearing.

Objections to this Report and Recommendation must be served and filed with the Clerk of the Court, with courtesy copies to Judge Gershon and to my chambers, within ten (10) business days in order to preserve appellate review. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
November 3, 2006