UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
Ronald WASHINGTON,

                          Petitioner,                              **OPINION & ORDER**

    -against-                                           16-cv-2933 (NG)
                                                          05-cr-558 (NG)

UNITED STATES OF AMERICA,

                          Respondent.
-----------------------------------------------------------------x
**GERSHON, United States District Judge:**

On June 6, 2016, Ronald Washington, proceeding *pro se*, filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket No. 101.) Washington argued that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015), which held the Armed Career Criminal Act's residual clause to be unconstitutionally vague, also invalidated his designation as a Career Offender under the United States Sentencing Guidelines, which contain an identical residual clause. At the time the petition was filed, the question of whether *Johnson* applied to the Career Offender designation in the Guidelines was pending before the Supreme Court, and therefore I stayed the case pending that decision.

On March 6, 2017, the Supreme Court handed down its decision in *United States v. Beckles*, 137 S.Ct. 886 (2017). It held that *Johnson* does not extend to the Guidelines because the Guidelines are merely advisory and therefore not subject to vagueness challenges under the Due Process Clause. The government then filed a brief letter in opposition to the petition, arguing that it should be denied in light of *Beckles*. On June 21, 2017, petitioner, now represented by the Federal Defenders of New York, filed a response arguing that, as of April 23, 2008, the date petitioner was sentenced, the Guidelines were not considered merely advisory. Petitioner argues that, while the

1

Supreme Court had already held three years earlier in *United States v. Booker*, 543 U.S. 220 (2005), that the Guidelines could not be mandatory, the Guidelines continued to be treated as more than mere "advice" in the Second Circuit until December 4, 2008, when the Circuit decided *United States v. Cavera*, 550 F.3d 180 (2d Cir. 2008). Therefore, based on the Court's logic in *Beckles*, petitioner argues that, because the Guidelines were not merely advisory when petitioner was sentenced, they are subject to a vagueness challenge and, further, that they are unconstitutionally vague under *Johnson*. In light of this new argument, I allowed the government to file a new opposition, which it did on July 19, 2017. Petitioner filed a reply on July 24, 2017. Having considered the parties' arguments and authorities, I hereby DENY the petition.

Petitioner is correct that after *Booker* there were questions as to how the advisory Guidelines should be applied. The Circuit acknowledged in *Cavera* that *Booker* "left unanswered a number of questions . . . . One question especially relevant to sentencing judges is to what extent may a district court, consistent with its statutory duty to consider the Guidelines, base its sentence on a policy disagreement with the Sentencing Commission?" 550 F.3d at 188. Between *Booker* and *Cavera*, the Circuit "suggested that it was not permissible for a district court to rest its decision on a policy judgment applicable to an entire category of offenses." *Id.* at 191 (collecting cases). *Cavera* repudiated this suggestion, stating "[t]hat, we now know, is not the case." *Id.*

That conclusion in *Cavera*, however, did not come out of nowhere. As petitioner acknowledges, it was brought about by Supreme Court decisions clarifying the state of the Guidelines post-*Booker*. In *Cavera*, the Circuit acknowledged that two Supreme Court cases, *Gall v. United States*, 552 U.S. 38 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007), "manifestly require [the Circuit] to give more latitude to sentencing judges than [the Circuit] did before." *Cavera*, 550 F.3d at 191. The Circuit stated that "the Supreme Court strongly suggested

in *Kimbrough* [that] a district court may vary from the Guidelines range based solely on a policy disagreement with the Guidelines, even where that disagreement applies to a wide class of offenders or offenses." *Id.*; *see also Kimbrough*, 552 U.S. at 109 (stating that when a judge varies from the Guidelines based solely on a policy disagreement with the Guidelines that "closer review may be in order," but upholding a district court's decision to deviate from the 100:1 crack/powder disparity based on a policy disagreement).

*Kimbrough* was decided on December 10, 2007, well before petitioner's sentencing. It was the Supreme Court's decision in *Kimbrough*, not the Second Circuit's decision in *Cavera*, that clarified the scope of the trial courts' discretion in applying the Guidelines. A district court is not required to wait to apply a Supreme Court decision until the Circuit acknowledges that decision. *Cavera* was merely an acknowledgement of the Supreme Court's decision in *Kimbrough*, not the sea-change petitioner suggests it to have been.[1] It was clear at the time of petitioner's sentencing that I was permitted to impose a sentence different from that called for by the Guildeines based on a policy disagreement, as well as factors specific to petitioner. Indeed, I acknowledged as much, on the very issue of criminal history, at petitioner's sentencing. (Tr. of Apr. 23, 2008 Sentencing Hrg., at 6) ("I think before we treat them as instructive, at best I still have to make a determination

---

[1] Petitioner points to *United States v. Cutler*, 520 F.3d 136 (2008), decided after *Kimbrough* but before *Cavera*, which he contends reversed a district judge for deviating from the Guidelines based on a policy disagreement, as evidence that the Circuit did not interpret *Kimbrough* to have permitted such deviation and therefore that it was *Cavera* that was the sea-change. (Petr.'s Reply Mem. at 2.) *Cutler*, however, acknowledged that "a sentencing court is allowed to impose a sentence that varies from the Guidelines based solely on policy considerations, including disagreements with the Guidelines." *Id.* at 163. The error that led to reversal in *Cutler* was not that the district judge had a policy disagreement with the Guidelines; it was that the district judge "gave no explanation for its disagreement with the Commission's policy judgments" and gave "no indication that the court in fact gave the requisite consideration to the guidelines . . ." *Id.* at 163–64. *Cutler* was based on the lack of a sufficient record in that case, not any failure to apply *Kimbrough*.

3

as to what the guidelines require—what the guidelines provide. I can then disregard it, if I choose to.").

Because *Kimbrough* clarified that a judge could deviate from the Guidelines based on a policy disagreement, and because petitioner was sentenced after *Kimbrough*, the instant petition is indistinguishable from *Beckles* and is therefore denied.

## CONCLUSION

For the reasons discussed above, Washington's petition for a writ of *habeas corpus* is DENIED. Since petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* relief is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment for respondent.

SO ORDERED.

Dated: September 13, 2017
Brooklyn, New York

/s/ Nina Gershon

NINA GERSHON
**United States District Judge**